## DANIEL G. LEAVITT *vs.* JOSEPH BUTTERFIELD.

An officer who attaches personal property, and summons a mortgagor as the trustee of the defendant, who thereupon surrenders possession thereof to the mortgagee, does not, by unreasonably keeping possession of a building of the defendant, in which the property is, make himself liable to the defendant in damages for depriving him of the use of the personal property.

ACTION OF TORT against a deputy of the sheriff of Middlesex, for breaking and entering the plaintiff's stable, attaching the horses and carriages therein on mesne process against the plaintiff, and keeping possession of the same from the 24th to the 28th of January 1857. The defendant justified under his writ, which was admitted to be in proper form.

At the trial in the court of common pleas in Middlesex at December term 1858, before *Sanger,* J., the plaintiff did not contend that the defendant had misused the real estate otherwise than by holding possession thereof, or that he had misused the personal property. It was proved that the personal property was the plaintiff's, and at the time of the attachment was under mortgage to Daniel Eastman, who was summoned in the first writ as the plaintiff's trustee; that Eastman had served and recorded a written notice of foreclosure of his mortgage, and had made an oral agreement with the plaintiff, that the latter might keep possession of the stable and carry on business there until the 1st of May 1857; and that on the evening of the day of attachment he gave up the possession of the mortgaged property to Eastman.

The plaintiff based his claim for damages on the defendant's having held possession of the stable for the purpose of keeping therein the property attached for an unreasonable time, and after having been requested to remove it.

The plaintiff contended that the wrongful act of the defendant broke up his business; and, as evidence of damages, was permitted, against the defendant's objection, to prove that while the property was under attachment the plaintiff had an engagement for the use of a large sleigh, for which he was to receive

from $ 75 to $100, which he lost by the unreasonable delay in removing the property; and to testify " that he gave up the possession of the property to Eastman on account of the attachment, and for no other reason."

The judge instructed the jury, that if they found that the defendant kept possession of the stable an unreasonable time after possession had been demanded by the plaintiff, he was a trespasser *ab initio*, his writ would not protect him, and the plaintiff would be entitled to damages for depriving him of possession of his stable during the whole time; that if the defendant unreasonably held possession of the stable, the plaintiff was entitled to damages for the detention of his personal property, and that the defendant's writ would not protect him as to either the real or personal property, but he would be a trespasser *ab initio* as to both; and that, in assessing damages, the jury were not to be confined to the rent paid by the plaintiff for the stable, but if the plaintiff had contracted for the use of his property, and was prevented from performing his contract, or could have put his stable to a more profitable use, they should take these into consideration. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*T. H. Sweetser & A. R. Brown*, for the defendant.

*W. P. Webster*, for the plaintiff.

Shaw, C. J. If the plaintiff had done any act of violence not justified by his writ, as by breaking a dwelling-house, so that the unlawful act had been the means of his obtaining possession, it would have been within the case of *Ilsley* v. *Nichols*, 12 Pick. 270, and the attachment would have been void. But if the attachment was valid, he had a right to hold the property, unless he abused the authority given him by law, in holding the personal property when he had no right to do so. If the property was under mortgage, the creditor had the power either to summon the mortgagee as trustee of the debtor, or to take the property specifically, leaving the mortgagee to make his claim and give notice. Rev. Sts. *c.* 90, §§ 78, 79; *St.* 1844, *c.* 148.

Here the ground of complaint on which the plaintiff relies is, not that the goods were not rightly attached, but that his stable

was held too long as a place to keep the goods. The only abuse alleged is the defendant's abuse of his right of entry, or, in other words, an abuse of his authority in regard to the plaintiff's right of possession, to the extent of about four days' rent of his stable.

It appears by the facts stated in the bill of exceptions, that the personal property was under mortgage, and that after the at-tachment and on the same day the plaintiff surrendered the property to the mortgagee, who had been summoned as his trustee. The defendant had the rightful possession of the goods during the whole time, until they were rightly surrendered to the mortgagee. After that, the plaintiff had no right to use the property, and sustained no special damage for which he can re-cover in this action.                    *Exceptions sustained.*